RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/05/09

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Barry Pierce                                         Civil Action 6:09-0260

versus                                               Judge Tucker L. Melançon

Washington Group Int., Inc., et al                   Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is an Exception Of Lack Of Subject Matter Jurisdiction which the Court will construe as a Motion To Remand[1] [Rec. Doc. 16] filed by plaintiff, Barry Pierce, defendant Washington International, Inc.'s ("Washington International") Opposition Memorandum [Rec. Doc. 18], plaintiff's Rebuttal Memorandum [Rec. Doc. 19] and plaintiff's Revised Rebuttal Memorandum [Rec. Doc. 20]. For the following reasons, plaintiff's motion to remand will be denied.

*Background*

In November 2004, plaintiff, Barry Pierce, was retained by Washington International to perform services that required him to work in Iraq. The "Letter of Agreement, Working Conditions, and International Operations Employee Handbook" ("Letter of Agreement") govern the terms and conditions of plaintiff's employment with Washington International. *R. 18, Exh. A, Aff. of Robert C. Berlin, ¶ 3, Exh. 1.* The Letter of Agreement provides that, subject to certain circumstances, Washington International agreed to reimburse plaintiff for any adverse tax consequences that might arise from his living and working in Iraq ("tax

---

[1] An "exception" in state court would result in dismissal of an action. Here, plaintiff requests in his exception that this case be dismissed and remanded.

equalization"), as well as provide other benefits to plaintiff, so long as plaintiff continued to be employed by Washington International. *Id.* In November 2007, plaintiff was advised that his employment with Washington International was being terminated for cause. *R. 18, Exh. A at ¶ 4.* Thereafter, on November 3, 2008, plaintiff filed a Petition For Money Owed ("Petition") in the 15th Judicial District Court, Abbeville, Louisiana, Docket No. 89488I. *Id.* Washington International, filed a Notice of Removal of this action on February 17, 2009. *R. 1, Exh. A.*

Plaintiff contends that this matter must be remanded because his claim is limited to the 2007 tax equalization payment of $55,191.00, as alleged in his Petition, and therefore, the amount in controversy does not exceed $75,000.00, as required by 28 U.S.C. § 1332(a). In support, plaintiff cites Washington International's February 17, 2009 Notice of Removal and the attached Affidavit of Robert L. Berlin, Associate General Counsel of Washington Group International[2], which states that "the value of Plaintiff Barry Pierce's claim for a tax equalization payment for 2007 is at least $55,000." *R. 1-3; R. 16, Exh. B, 02/13/09 Affidavit of Robert L. Berlin, Assoc. Gen. Counsel, Washington Group.*

Washington International disputes plaintiff's representation that his only claim is for the tax equalization payment because plaintiff's Petition alleges that he is entitled to recover the tax equalization payment for 2007 as well as "all costs and expenses sustained in this matter, including attorney fees, all costs of these proceedings, and all other damages, be they employment, financial, emotional and/or reputation." *Petition at ¶ 7.* Also, Washington International directs the Court to the state court records which establish that plaintiff's First

---

[2] Washington Group International is the parent company of Washington International.

Supplemental and Amending Petition ("Amended Petition") was filed on January 26, 2009.[3] *R. 10, Exh. A, 10-2.* Contrary to plaintiff's assertion that his claim is limited to the tax equalization payment, plaintiff's Amended Petition seeks additional damages in the form of "an additional month's pay and a two-week fully paid vacation of the employee's choosing." *Amended Petition at ¶ 8-9.* Washington International asserts that based on plaintiff's Petition and Amended Petition, his claims are in excess of $75,000.00. *R. 18.*

On May 20, 2009, plaintiff filed a Rebuttal to Washington International's Opposition Memorandum contending that when this matter was removed, the Amended Petition was not filed. *R. 19, p. 1.* In his Rebuttal, plaintiff correctly stated that in order "[t]o determine whether jurisdiction is present for removal, the federal courts consider the claims made in the state court petition as they existed at the time of removal." *Id.* Plaintiff erroneously based his contention, however, on the removal date of January 17, 2009, while the record confirms that the Removal Notice was actually February 17, 2009.

Thereafter, also on May 20, 2009, plaintiff filed an Amended Rebuttal correcting the removal date to February 17, 2009. In the Amended Rebuttal, plaintiff now argues without any support, jurisprudential or otherwise, that because he chose not to serve Washington International with the Amended Petition before the removal, Washington International had no knowledge of the additional claims at the time of removal, and therefore, those claims cannot be used to establish jurisdiction. Plaintiff further argues without support, that the May

---

[3] In a letter from counsel to plaintiff to the Clerk of Court in Abbeville, Louisiana, dated January 21, 2009 plaintiff filed a Motion for First Supplemental and Amending Petition. The Amended Petition was filed into the record by order dated January 26, 2009. *R. 10, Exh. A, 10-2.*

3

14, 2009 affidavit of Robert L. Berlin is questionable in its veracity. Plaintiff alleges that "defendant has bootstrapped additional claims in an attempt to establish jurisdiction at the time of removal, and apparently wants to be able to reduce these claims at a later date."[4] *R. 20, p. 2.* In an effort to support his contention, plaintiff states that, "Bare allegations of jurisdictional facts are insufficient to establish federal court jurisdiction. *St. Paul Reinsurance Co., Ltd v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Again, this is a number that only the defendant can calculate, establish and conclude, and by the defendant's own memorandum one must be guarded when the defendant reserves its right to reduce the amount below $75,000.00." *R. 20, p. 3.* Plaintiff's allegations have no bearing on the Court's determination of his motion. Moreover, they are refuted by the record in this proceeding.

The May 14, 2009 affidavit of Robert L. Berlin states the following: (1) the 2007 Final Tax Equalization Reconciliation indicates that the value of plaintiff's tax equalization payment is $55,191.00; *R. 18, Exh. A at ¶ 5*; (2) while employed by Washington International, plaintiff's hourly rate was $42.8002, *Id. at ¶ 7* and; (3) under the company's Leave Program plaintiff would be paid for 56 hours of regular time, or $2396.92, and 80 hours of "premiums," or $3,424.18, *Id. at ¶¶ 7, 8*. Also attached to the opposition is a May 8, 2007 letter transmitted from Washington International to plaintiff stating that upon

---

[4] Plaintiff's allegations are apparently based on jurisprudence quoted in defendant's Opposition Memorandum which states, "post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000)." *R. 18.*

4

completion of assignment, plaintiff would be paid $5,000.00 in addition to the regular time and "premiums." *Id., Exhs. A-1; A-3.* In summary, Berlin states that the total value of plaintiff's claim related to his vacation under the Leave Program would be $10,821.00. *Id., Exh. A. at ¶ 9.* Finally, the Letter of Agreement signed by plaintiff, attached as Exhibit 1 to Berlin's affidavit, indicates that plaintiff's gross monthly salary was $11,001.00. *Id., Exhs. A-1.* Totaling the foregoing amounts, Washington International asserts that plaintiff's claim for the 2007 tax equalization payment of $55,191.00, plus one month's pay of $11,001.00, and a two week vacation of $10,821.00, equals a claim for at least $77,013.00, without considering plaintiff's claim for "all other damages, be they employment, financial, emotional and/or reputation" set out in his original Petition.

It is well settled that when faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy. *Winters v. Diamond Shamrock Chemical Co.,* 149 F.3d 387, 397 (5th Cir. 1998). Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages, the Fifth Circuit has established a framework for resolving disputes over the amount in controversy, for actions removed based on diversity jurisdiction from Louisiana state courts. *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 882-83 (5th Cir.2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount. *Id.; Grant*

*v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir.2002). Only if a state statute provides for attorney's fees, are such fees included as part of the amount in controversy. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.; Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869.

If an original complaint is not amended, removal must be determined based only on the law and facts as to removability at the time of filing or receipt of the initial pleading under § 1446(b) 1. If the complaint is amended, however, § 1446(b) 2 provides that a "new basis for removal" is created where, in a previously non-removable case, the amount in

controversy is increased so as to exceed the diversity jurisdictional threshold. 28 U.S.C. § 1446(b); *Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2006).

Based on the clearly stated demands for damages in plaintiff's Petition and Amended Petition filed at the time of removal, Washington International has shown to a legal certainty that the amount in controversy in this matter exceeds $75,000.00[5] and the Motion To Remand will be denied.

---

[5] The Court admonishes plaintiff that the erroneous and specious allegations in his Rebuttal and Revised Rebuttal have consumed much of the Court's time and limited resources, and that such actions in the future will lead to the ~~consideration~~ of sanctions.